UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

|  |  |
|---|---|
| MICHAEL MILKES, SHARI C. WHITE, individually and on behalf of all others similarly situated, | ) ) ) ) |
| Plaintiffs, | ) ) Case No. _____ |
| v. | ) ) ) |
| AMAZON.COM SERVICES LLC, a foreign corporation, | ) ) ) |
| Defendant. | ) ) ) |

**NOTICE OF REMOVAL**

**PLEASE TAKE NOTICE** that pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant Amazon.com Services LLC through counsel, hereby removes this case from the Circuit Court of Cook County, Illinois to the U.S. District Court for the Northern District of Illinois, Eastern Division. In support of removal, Amazon states as follows:

**PROCEDURAL BACKGROUND**

1. On February 13, 2024, Plaintiffs Michael Milkes and Shari C. White filed a Class Action Complaint in the Circuit Court of Cook County, Illinois, County Department, Chancery Division, captioned *Michael Milkes, et al. v. Amazon.com Services LLC*, Case No. 2024-CH-00923. In the Complaint, Plaintiffs seek damages, injunctive relief, reasonable litigation expenses, attorneys' fees, and other relief individually and on behalf of a class of similarly situated Illinois consumers based on allegations that Amazon violated the Illinois Consumer Fraud and Deceptive Practices Act ("ICFA") when it added advertisements to its Prime Video streaming service, which

was previously ad-free for Amazon Prime members. Plaintiffs also assert common law fraud and breach of contract.

2. Service of the Summons and Complaint on Amazon was effective on February 20, 2024. Attached as **Exhibit A** to the Declaration of Brian Buckley ("Buckley Decl.") is a copy of the Complaint and attached as **Exhibit B** is the Summons and Notice of Service Process.

3. No further proceedings have occurred in the state court action. *See* Buckley Decl., **Ex. C** (Cook County Clerk of the Circuit Court, Electronic Docket Search, Case Information Summary for Case Number 2024-CH-00923 (March 19, 2024)).

## JURISDICTION AND VENUE

4. The Court has original jurisdiction over this civil action pursuant to 28 U.S.C. § 1332(d)(2). This action is therefore removable pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. §§ 1332(d) and 1453(b). This is a putative class action in which the size of the proposed class exceeds 100 members; there is diversity of citizenship between at least one member of the putative class of plaintiffs and one defendant; and the amount in controversy exceeds $5 million, exclusive of interest and costs.

5. Removal to this Court is proper because the U.S. District Court for the Northern District of Illinois embraces the Circuit Court of Cook County, Illinois where Plaintiffs filed this action. *See* 28 U.S.C. § 93(a)(1).

6. No exception to CAFA jurisdiction applies.

## TIMELINESS

7. Removal is timely under 28 U.S.C. § 1446(b)(1) because Amazon filed this Notice within thirty days of service of the Complaint, which occurred on February 20, 2024.

**CLASS SIZE**

8. The Plaintiffs seek to represent a class that includes more than 100 members. The proposed class includes "[a]ll Illinois residents who purchased one year of PRIME prior to January 4, 2024." Buckley Decl., **Ex. A** ¶ 20.

9. The Complaint alleges that the "number of persons similarly situated in Illinois to each Plaintiff is substantial, believed to amount to millions of persons." *Id*. ¶ 18. Solely for the purposes of removal, and without conceding that Plaintiffs or the class are entitled to any relief, Amazon assumes to be true Plaintiffs' allegation that the proposed class includes "millions" of members. *See Sabrina Roppo v. Travelers Commercial Ins. Co.*, 869 F.3d 568, 581 (7th Cir. 2017) ("[Defendant] may rely on the estimate of the class number set forth in the complaint.").

**MINIMAL DIVERSITY OF CITIZENSHIP**

10. There is minimal diversity of citizenship among the parties. Minimal diversity exists when "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A).

11. Plaintiffs are residents and citizens of Illinois. Buckley Decl., **Ex. A** ¶¶ 6, 8.

12. Amazon is a Delaware corporation with its principal place of business in Seattle, Washington. Buckley Decl. ¶ 2. A corporation is "a citizen of every [s]tate … by which it has been incorporated and of the [s]tate … where it has its principal place of business." 28 U.S.C. § 1332(c)(1). Thus, Amazon is a citizen of Delaware and Washington for diversity purposes.

13. Accordingly, minimal diversity exists under 28 U.S.C. § 1332(d)(2)(A). *See, e.g.*, *Lewert v. P.F. Chang's China Bistro, Inc.*, 819 F.3d 963, 965–66 (7th Cir. 2016) (minimal diversity under CAFA existed when class representative was Illinois citizen and defendant was Delaware corporation with principal place of business in Arizona).

3

**AMOUNT IN CONTROVERSY**

14. The amount in controversy under CAFA is satisfied if "the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. § 1332(d)(2). For purposes of determining the amount in controversy, "the claims of the individual class members shall be aggregated." 28 U.S.C. § 1332(d)(6).

15. To demonstrate that the amount in controversy requirement is met, Amazon need only plead that there is a "reasonable probability that the stakes exceed the minimum." *Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446, 449 (7th Cir. 2005). Indeed, "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold. "Evidence establishing the amount is required … only when the plaintiff contests, or the court questions, the defendant's allegation." *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 89 (2014) (defendant's good faith estimate of amount in controversy is sufficient for removal purposes).

16. Plaintiffs' definition of the proposed class, their allegation of the number of class members, and the relief sought all satisfy the amount in controversy requirement. As described below, Amazon has a good faith belief that the amount at stake exceeds $5,000,000.

17. Plaintiffs assert claims for the alleged violation of the ICFA, common law fraud, and breach of contract, individually and on behalf of "[a]ll Illinois residents who purchased one year of PRIME prior to January 4, 2024." Buckley Decl., **Ex. A** ¶¶ 22- 23. Plaintiffs allege that the "number of persons similarly situated in Illinois to each Plaintiff is substantial, believed to amount to millions of persons." *Id.* ¶ 18. Plaintiffs seek damages in excess of $100,000, injunctive relief, "reasonable litigation expenses," and attorneys' fees. *Id.* at 4.

18. Amazon denies that Plaintiffs are entitled to any relief. But for purposes of calculating the jurisdictional amount in controversy, Plaintiffs' damages claim, the costs of

4

injunctive relief, the claim for reasonable litigation expenses and attorneys' fees, and a punitive damages award combined easily exceed the $5,000,000 threshold. Although Plaintiffs did not explicitly request a punitive damages award in the Complaint, defendants can account for a punitive damages award to meet the jurisdictional minimum because "juries can award damages not requested by the complaint." *See Back Drs. Ltd. v. Metro. Prop. & Cas. Ins. Co.*, 637 F.3d 827, 831 (7th Cir. 2011) (including punitive damages for ICFA claim to reach the amount in controversy threshold even where the complaint did not request punitive damages).

19. Plaintiffs assert their claims on behalf of all Illinois residents who purchased a one-year Amazon Prime subscription prior to January 4, 2024. Buckley Decl., **Ex. A**, ¶ 25 (misnumbered as ¶ 20). The cost to purchase a one-year subscription to Amazon Prime is $139. Buckley Decl., ¶ 6; **Ex. D**. Given Plaintiffs' allegation that the potential number of class members is in the "millions," if one million class members were refunded the cost of their annual Prime subscription, the damages would amount to $139,000,000, well above the jurisdictional minimum. *See, e.g.*, *Sabrina Roppo*, 869 F.3d at 579 ("The party seeking removal does not need to establish what damages the plaintiff will recover, but only how much is *in controversy* between the parties." (citation omitted)). Alternatively, if one million class members were awarded just $6 in damages each, the jurisdictional minimum would be met.

20. In this scenario, "[i]t is not even necessary to multiply the damages of the Illinois class by, say, three times to reflect a possible award of punitive damages, or to reckon in a reasonable amount of pre-removal attorneys' fees" to reach the jurisdictional minimum. *Stull v. YTB Int'l, Inc.*, No. CIV. 10-600-GPM, 2010 WL 4008153, *3-*4 (S.D. Ill. Oct. 13, 2010) (finding jurisdictional amount satisfied by ICFA damages of the Illinois class alone even where the complaint plead only $100,000 for each proposed class). Accordingly, Amazon has pled in good

faith that the amount in controversy exceeds the $5,000,000 minimum CAFA jurisdictional threshold. *See Spivey v. Vertrue*, 528 F.3d 982, 986 (7th Cir. 2008) ("Once the proponent of federal jurisdiction has explained plausibly how the stakes exceed $5 million, then the case belongs in federal court unless it is legally impossible for the plaintiff to recover that much.") (internal citation omitted).

### NOTIFICATIONS

21. In accordance with 28 U.S.C. § 1446(d), Amazon will promptly provide written notice to Plaintiffs, through their counsel, of this removal.

22. In accordance with 28 U.S.C. § 1446(d), Amazon also will file a copy of its Notice of Removal with the Clerk of the Circuit Court of Cook County, Illinois, County Department, Chancery Division.

### NON-WAIVER

23. If this Court determines that the pleadings and other documents filed to date lack adequate information from which to ascertain the prerequisites to CAFA jurisdiction, the removal clock will have not begun to run and Amazon reserves the right to remove this action at the appropriate time. *See Walker v. Trailer Transit, Inc.*, 727 F.3d 819, 825 (7th Cir. 2013).

24. This Notice of Removal is based on allegations of the Complaint and does not admit the truth of any facts asserted in the Complaint, the validity of Plaintiffs' claims, the ability to certify a class, the existences of injury, or damages in any form.

### CONCLUSION

Based on the foregoing facts, Defendant Amazon.com Services LLC notifies the Court that this action has been removed from the Circuit Court of Cook County, Illinois to the U.S. District Court for the Northern District of Illinois, Eastern Division pursuant to the provisions of 28 U.S.C. §§ 1332, 1441, and 1446.

Dated: March 21, 2024 　　　　　　　　　　Respectfully submitted,

                **MORGAN, LEWIS & BOCKIUS LLP**

                By: */s/ Elizabeth B. Herrington*
                   Elizabeth B. Herrington
                   Alborz Hassani
                   110 North Wacker Drive, Suite 2800
                   Chicago, IL 60606-1511
                   T: (312) 324-1445
                   F: (312) 324-1001
                   beth.herrington@morganlewis.com
                   al.hassani@morganlewis.com

                   Brian D. Buckley (*pro hac vice forthcoming*)
                   FENWICK & WEST LLP
                   401 Union Street, 5th Floor
                   Seattle, WA 98101
                   Telephone: 206.389.4510
                   Facsimile: 206.389.4511
                   bbuckley@fenwick.com

                ***Attorneys for Defendant***
                ***Amazon.com Services LLC***

**CERTIFICATE OF SERVICE**

I hereby certify that on this 21st day of March 2024, I caused a true and correct copy of the foregoing Notice of Removal to be served by mail on Plaintiffs' counsel of record in *Michael Milkes, Shari C. White v. Amazon.com Services LLC*, Case No. 2024-CH-00923, in the Circuit Court of Cook County, addressed as follows:

Paul R. Kesselman
Attorney for Plaintiffs
P.O. Box 934
Wilmette, IL 60091
Telephone: (312) 283-4342

*/s/ Elizabeth B. Herrington*
Elizabeth B. Herrington